**MORRISON & FOERSTER LLP**
Mallory A. Gitt, *pro hac vice forthcoming*
MGitt@mofo.com
925 Fourth Avenue, Floor 38
Seattle, WA 98104-1157
Telephone: (206) 327-6500
Facsimile: (206) 260-8813

Julie Y. Park (CA SBN 259929)
JuliePark@mofo.com
12531 High Bluff Drive, Suite 200
San Diego, CA 92130-3588
Telephone: (858) 720-5100
Facsimile: (858) 720-5125

Justin K. Rezkalla (CA SBN 347603)
JRezkalla@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

Attorneys for Amazon.com, Inc. and
Amazon.com Services LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BILL MEREWHUADER, on behalf of himself and all others similarly situated,

Plaintiff,

v.

AMAZON.COM, INC. and AMAZON.COM SERVICES LLC,

Defendants.

Case No.: 26-cv-05164

**NOTICE OF REMOVAL OF AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC**

[Removed from the Superior Court of the State of California for the County of Los Angeles, Case No. 26STCV10457]

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendants Amazon.com, Inc. and Amazon.com Services LLC (together, "Amazon") submit this Notice of Removal of the state court civil action filed by Plaintiff Bill Merewhuader titled *Merewhuader v. Amazon.com, Inc., et al.*, Case No. 26STCV10457, from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California. This Court has jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d); *see also id.* § 1453(b). Pursuant to 28 U.S.C. § 1446(a), Amazon provides the following "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

## I. BACKGROUND

1. On April 1, 2026, Merewhuader filed a civil action in the Superior Court for the State of California for the County of Los Angeles, captioned *Merewhuader v. Amazon.com, Inc., et al.*, Case No. 26STCV10457. A true and correct copy of the Complaint is attached as Exhibit A to this Notice of Removal ("Compl."). *See id.* § 1446(a).

2. On April 14, 2026, Merewhuader served on Amazon a copy of the Complaint and summons. (Compl.; Exhibit B (summons).)

3. Merewhuader alleges that Amazon launched the first-generation Fire TV Stick in November 2014 and the second-generation Fire TV Stick in October 2016. (Compl. ¶¶ 20, 22.)

4. He alleges that Amazon advertised the first- and second-generation Fire TV Stick devices as "'instant' media streaming stick[s] with no 'buffering' so that shows 'start instantly,' and then later 'brick[ed]' [the] devices rendering them nearly inoperable." (*Id.* ¶ 1.)

5. Merewhuader further alleges that in October 2018, he purchased two second-generation Fire TV Sticks. (*Id.* ¶ 53.)

6. Merewhuader contends that "a few years after he purchased the devices, [he] experienced a significant decline in their speed and functionality" and "[the] issues . . . gradually worsened for several months thereafter." (*Id.* ¶¶ 55–56.)

7. Merewhuader alleges he would not have purchased the devices or would have paid substantially less for them had he known their functionality could allegedly degrade and software support and updates could be discontinued. (*See id.* ¶ 59.)

8. Merewhuader asserts claims for (1) breach of contract, including breach of the implied covenant of good faith and fair dealing; (2) violation of California's Unfair Competition Law ("UCL"), under the unfair, fraudulent, and unlawful prongs of the statute, Cal. Bus. & Prof. Code § 17200, *et seq.*; (3) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770, *et seq.*; and (4) violation of the Washington Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86, *et seq.* (*Id.* ¶¶ 72–137.)

9. Merewhuader purports to assert those claims on behalf of two proposed nationwide classes (and two subclasses of California consumers): (1) consumers who "purchased a first-generation Fire TV Stick device and still owned the device as of January 1, 2023" and (2) consumers who "purchased a second-generation Fire TV Stick device and still owned the device as of April 1, 2023." (*Id.* ¶ 60.)

10. On behalf of himself and the proposed classes, Merewhuader seeks damages, restitution, treble damages under the Washington CPA, declaratory relief, injunctive relief, "refunds," and attorneys' fees. (*Id.* at Prayer for Relief.)

11. Pursuant to 28 U.S.C. § 1332(d), this is a civil action of which this Court has original jurisdiction. Moreover, this is an action that may be removed to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446(b)(3).

12. Amazon now timely and properly removes this case pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## II. THIS CASE IS REMOVABLE PURSUANT TO 28 U.S.C. § 1441 BECAUSE THE COURT HAS ORIGINAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

13. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a). This action is removable pursuant to 28 U.S.C. § 1441 because this Court has original jurisdiction under CAFA. *See id.* § 1332(d); *see also id.* § 1453(b) (setting the procedure for removing class actions).

14. CAFA gives federal courts original jurisdiction over putative class actions in which (1) the number of members of all proposed plaintiff classes in the aggregate is at least 100 members; (2) at least one plaintiff class member is diverse in citizenship from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *Id.* §§ 1332(d)(2), (d)(5)(B).

### A. This action is a proposed class action with more than 100 members.

15. This action is a proposed class action within the meaning of CAFA. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

16. California law provides that class actions may be brought "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court[.]" Cal. Code Civ. Proc. § 382. Because the requirements of California Code of Civil Procedure § 382 are similar to those of Federal Rule of Civil Procedure 23, Section 382 is a "similar State statute" under CAFA. *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1121 (9th Cir. 2014).

17. Merewhuader seeks certification of two proposed "Nationwide Classes" of device owners. (Compl. ¶¶ 60–71.)

18. The aggregate number of members in the proposed classes exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B). There were millions of first-generation Fire TV Sticks that had been purchased and were registering active use (i.e., were still owned) as of January 1, 2023 (the first proposed class) and millions of second-generation Fire TV Sticks that had been purchased and were registering active use (i.e., were still owned) as of April 1, 2023. Declaration of Rebecca Hartley in Support of Amazon's Notice of Removal ("Hartley Decl.") ¶ 8. In addition, Merewhuader alleges that "[t]he members of the Classes are so numerous that joinder of all members is impracticable." (Compl. ¶ 65.)

**B. There is minimal diversity.**

19. Minimal diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

20. Merewhuader alleges that he is a citizen of California. (Compl. ¶ 17.)

21. Merewhuader names two Amazon entities as defendants, neither of which is a citizen of California.

b. Amazon.com, Inc. is a corporation. For the purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and of the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). Amazon.com, Inc. is a Delaware corporation with its principal place of business in Washington State. Hartley Decl. ¶ 3. Amazon is therefore a citizen of Delaware and Washington. *Id.*

c. Amazon.com Services LLC is a Delaware limited liability company. Hartley Decl. ¶ 4. For the purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 379 (2016); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of Amazon.com Services LLC is

Amazon.com Sales, Inc., which is a Delaware corporation with its principal place of business in Washington State. Hartley Decl. ¶ 4. Amazon.com Services LLC is therefore a citizen of Delaware and Washington. 28 U.S.C. § 1332(c)(1).

22. Because at least one proposed class member—Merewhuader—is a citizen of a different state from Amazon, CAFA's minimal diversity requirement is met. *See id.* § 1332(d)(2).

**C. The aggregate amount in controversy exceeds $5,000,000.**

23. CAFA permits a court to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* § 1332(d)(6).

24. Where a class action complaint does not expressly allege that more than $5 million is in controversy, a defendant must set forth only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). To do so, a defendant may rely on "reasonable assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (explaining that "a removing defendant is not obligated to research, state and prove the plaintiff's claims for damages" to plead the amount in controversy (internal citation and quotation marks omitted)).

25. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 994 (9th Cir. 2022) ("Importantly, that amount at stake does not mean likely or probable liability. . ." (citation modified)). Courts therefore evaluate "the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).

26. "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch*, 899 F.3d at 793 (internal citation and quotation marks omitted).

27. On behalf of himself and the proposed classes, Merewhuader seeks damages, restitution, disgorgement of profits, treble damages under the Washington CPA, declaratory relief, injunctive relief, "refunds," and attorneys' fees. (Compl. at Prayer for Relief.)

28. Merewhuader's proposed classes are comprised of members who seek more than $5 million in damages, refunds, restitution, and disgorgement of profits for purchases of first- and second-generation Fire TV Sticks. *See* Hartley Decl. ¶¶ 8–9; *see also Nathan v. Fry's Elecs. Inc.*, 607 F. App'x 623, 623 (9th Cir. 2015) (holding that company "established by a preponderance of the evidence that the total amount in controversy exceeds the jurisdictional minimum" by "attach[ing]" to its notice of removal a declaration that "stated [the company's] sales . . . during the relevant time period exceeded $5 million").

29. Revenue attributable to sales for the number of first-generation Fire TV Sticks that were registering active use (i.e., "were still owned") as of January 1, 2023, and second-generation Fire TV Sticks that were registering active use (i.e., "were still owned") as of April 1, 2023, exceeds $5 million. (*See* Hartley Decl. ¶¶ 8–9; Compl. ¶ 60.)

30. Merewhuader's requested monetary relief alone therefore satisfies the amount in controversy requirement under CAFA because he alleges that he and the other proposed class members "would not have purchased the Fire TV Stick devices or would have paid substantially less for them" if not for the alleged misrepresentations about their functionality. (*See* Compl. ¶ 12; *Hawkins v. Wal-Mart, Inc.*, 2024 WL 3913472, at *4 (E.D. Cal. Aug. 23, 2024) (concluding that where plaintiff alleges they would not have purchased a product, the complaint can

"reasonably be read to indicate that the product had no value to [plaintiff] and the putative class and that the full purchase price is sought as compensatory damages").)

31. Merewhuader also seeks treble damages under the Washington CPA, further increasing the amount in controversy. (Compl. ¶ 137.)

32. Where "attorneys' fees [are] recoverable by statute," those fees are included in the amount in controversy. *Fritsch*, 899 F.3d at 794.

33. Two of the statutes under which Merewhuader asserts claims—the CLRA and the Washington CPA—allow for the recovery of attorneys' fees. (Compl. ¶¶ 13, 117–37; Cal. Civ. Code § 1780(e); RCW 19.86.090.)

34. Courts in the Ninth Circuit apply 25% of the total recovery as a benchmark in calculating the amount in controversy and consider the amount of attorneys' fees sought by plaintiff's counsel in similar cases. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 784 (9th Cir. 2022) (observing that, in calculating an attorneys' fees award, "[t]he benchmark percentage is 25%"); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("[C]ourts typically calculate 25% of the fund as the benchmark for a reasonable fee award")(internal citation and quotation marks omitted); *Aseltine v. Panera, LLC*, 2021 WL 8267421, at *4 (N.D. Cal. Dec. 13, 2021) (in a case involving Merewhuader's counsel, applying 25% benchmark to assess attorneys' fees for the amount in controversy); *Figueroa v. Cap. One, N.A.*, 2021 WL 211551, at *9–10 (S.D. Cal. Jan. 21, 2021) (Merewhuader's counsel awarded 30% of the class settlement fund).

35. Courts also include in the amount in controversy the cost of complying with an injunction. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). Under the Ninth Circuit's "either viewpoint" rule, the "test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001).

36. Merewhuader seeks injunctive relief ordering Amazon to "restore software updates and support for first- and second-generation Fire TV Stick devices" to address alleged "future harms." (Compl. ¶ 96.) The cost of implementing that injunctive relief further adds to the amount in controversy.

37. Merewhuader's allegations and requested relief therefore place more than $5,000,000 in controversy.

38. Amazon does not concede, however, that Merewhuader or any putative class member is entitled to any relief or that Amazon is liable for any conduct alleged in this action.

**D. None of CAFA's exceptions bar removal of this action.**

39. This action does not fall within the exceptions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4) and (d)(9) or 28 U.S.C. § 1453(d).

## III. ALL DEFENDANTS CONSENT TO REMOVAL

40. The Amazon entities are the only defendants in this action and consent to removal.

## IV. THIS FILING IS TIMELY

41. Merewhuader served Amazon on April 14, 2026. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because Amazon filed the Notice within 30 days after the Complaint was served. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 47–48 (1999) (holding formal service triggers the 30-day removal period).

## V. VENUE OF REMOVED ACTION

42. The United States District Court for the Central District of California is the proper venue for this action because this "district and division embrac[es]" Los Angeles County in which the Complaint was initially filed. *See* 28 U.S.C. § 1441(a).

## VI. INTRA-DISTRICT ASSIGNMENT

43. Assignment to the Western Division of this Court is proper because it embraces Los Angeles County, where this action was initially filed. *See id.* § 84(c)(2).

## VII. NOTICE TO THE STATE COURT

44. Pursuant to 28 U.S.C. § 1446(d), Amazon is filing a copy of this Notice of Removal with the Superior Court of the State of California, County of Los Angeles, where the action was originally filed. Amazon is also providing Merewhuader with notice of this removal by serving his counsel with the Notice of Removal.

## VIII. PLEADINGS IN THE STATE COURT ACTION

45. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, minutes, and orders served on Amazon in this action are attached as Exhibit C. A true and correct copy of the Los Angeles Superior Court docket for this action is attached as Exhibit D.

## IX. NON-WAIVER OF DEFENSES

Amazon expressly reserves all of its defenses. By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law. Amazon expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit or that the proposed classes are entitled to any relief of any kind.

Dated: May 13, 2026

**MORRISON & FOERSTER LLP**

By: /s/ *Julie Y. Park*
Julie Y. Park
Mallory A. Gitt, *pro hac vice forthcoming*
Justin Rezkalla

*Attorneys for Amazon.com, Inc. and Amazon.com Services LLC*